# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| AIX SPECIALTY INSURANCE COMPANY, | § § § § § | |
| Plaintiff, | § | Civil Action No. 3:12-CV-4342-M |
| v. | § § | |
| WESTERN STATES ASSET MANAGEMENT, INC. a/k/a GAINES INVESTMENT TRUST d/b/a WINSTED APARTMENTS, | § § § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss Anticipatory Declaratory Action ("Motion") [Docket Entry #6]. For the following reasons, Defendant's Motion is **GRANTED**.

## I.    BACKGROUND AND PROCEDURAL HISTORY

This action concerns a dispute over Plaintiff AIX Specialty Insurance Company's ("AIX") handling of an insurance claim filed by Defendant Western States Asset Management, Inc. ("Western States") for property damage to a multi-unit apartment complex sustained on May 24, 2011. The parties contest the extent of coverage that Western States is entitled to under a commercial property insurance policy ("the Policy") issued by AIX.

On October 29, 2012, AIX filed this lawsuit, seeking a declaration of its rights and obligations under the Policy. On November 6, 2012, AIX filed its First Amended Complaint. Count I requests a declaratory judgment that Western States is not entitled to additional compensation under the Policy. Am. Compl. ¶¶ 31, 33-34. Count II seeks a declaratory judgment that "AIX did not breach the Policy and act in bad faith . . . [and] did not violate the

Texas Insurance Code's Unfair Settlement Practices Act (Tex. Ins. Code § 541.001 *et seq.*), Prompt Payment of Claims Act (Tex. Ins. Code § 542), or Deceptive Trade Practices Act (DTPA)." *Id.* at ¶¶ 35-36.

On December 19, 2012, Western States filed a civil action in the 298th Judicial District Court of Dallas County, Texas against AIX and several other individuals and entities not present in the instant action. In its Petition, Western States seeks damages and other relief against AIX and the other named defendants in connection with the insurance claim that is at the center of the parties' dispute before this Court. In the Petition, Western States claims AIX violated Chapters 541 and 542 of the Texas Insurance Code, and the Texas Deceptive Trade Practices Act, and that it committed a breach of contract, breach of the common law duty of good faith and fair dealing, fraud, and conspiracy to commit fraud.

On December 26, 2012, Western States filed this Motion, seeking dismissal of AIX's declaratory judgment action in favor of the action filed by Western States in state court.

While this Motion was pending, AIX removed Western States's state court action to this Court, asserting diversity of citizenship. In support of removal, AIX argued that non-diverse defendants in the state court action were improperly joined and therefore should be disregarded for jurisdictional purposes. The Court disagreed, and remanded that case to the Texas state court on July 3, 2013.

## II. ANALYSIS

The Declaratory Judgment Act states that "any court of the United States, upon the filing of an appropriate pleading, *may declare* the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a) (emphasis added). "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique

and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). Declaratory relief, therefore, is a matter of this Court's discretion. *See Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991).

This Circuit requires district courts to determine whether the declaratory action is justiciable and whether the court has the "authority" to grant declaratory relief, and, if so, to exercise its discretion to decide or dismiss the declaratory judgment action. *See Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).

### A. The declaratory judgment action is justiciable.

Determining whether an action is justiciable typically requires a court to resolve whether an "actual controversy" exists between the parties. *Id.* "As a general rule, an actual controversy exists where 'a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests.'" *Id.* at 896 (quoting *Middle S. Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986)).

Here, there exists a real and immediate controversy between the parties, as Western States seeks to hold AIX liable for its alleged failure to properly compensate Western States under the Policy, and AIX seeks a declaration from this Court shielding it from that very liability. This dispute does not raise abstract or hypothetical questions. The parties have adverse legal interests, and an actual controversy exists between them. This case is justiciable.

### B. The Court has the authority to grant declaratory relief.

A district court lacks the authority to weigh the merits of a declaratory judgment action when: "(1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in the federal court; and (3) the district court is prohibited from enjoining the state proceedings under section 2283 [the Anti-Injunction Act]."

*Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 388 n.1 (5th Cir. 2003) (citing *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993)). The presence of all three factors mandates abstention. *See Cont'l Ins. Co. v. Gifford-Hill & Co., Inc.*, No. 3:12-CV-0925-D, 2013 WL 1875930, at *2 n.6 (N.D. Tex. May 6, 2013) (Fitzwater, C.J.). The want of any one factor defeats mandatory abstention. *See Sealed v. Sealed*, 33 F.3d 1379 (5th Cir. 1994) (unpublished) (citing *Torch*, 947 F.2d at 194).

Because AIX filed this declaratory judgment action *before* Western States filed its suit in Texas state court, the Court need not abstain from granting AIX declaratory relief. *See Gifford-Hill*, 2013 WL 1875930, at *2 n.6 (holding that mandatory abstention was inapplicable where the federal declaratory judgment action was filed before the related state court action); *Smith v. McLean*, No. 4:10-CV-792, 2011 WL 2792387, at *5 (S.D. Tex. July 14, 2011) (same).[1]

**C. Applying the *Trejo* factors, the Court exercises its discretion to dismiss this action.**

Having determined that this case presents a justiciable controversy, and that the Court has the authority to grant declaratory relief, the Court must decide whether to exercise its discretion to hear this action. Such a determination rests on "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942).

---

[1] The Court notes also that the Court's subject matter jurisdiction is premised on diversity jurisdiction, and that diversity exists between the parties. AIX pleads complete diversity, and diversity between the parties is undisputed. AIX is a corporation organized under the laws of Delaware, with its principal place of business in Connecticut. Am. Compl. ¶ 1. Western States is a corporation organized under the laws of California, with its principal place of business in Texas. *Id.* at ¶ 2. These facts support the Court's authority to grant declaratory relief. *See Sherwin-Williams*, 343 F.3d at 387-88 (holding that the district court had authority to decide a declaratory judgment suit where, among other things, diversity jurisdiction was present); *see also Gifford-Hill*, 2013 WL 1875930, at *2 ("In a case where the court's subject matter jurisdiction is invoked based on diversity of citizenship, the court has authority to grant declaratory judgment when—as here—it has diversity jurisdiction.") (citing *Sherwin-Williams*, 343 F.3d at 387).

The Court must consult the following factors:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) whether the plaintiff engaged in forum shopping in bringing the suit;

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5) whether the federal court is a convenient forum for the parties and witnesses;

(6) whether retaining the lawsuit would serve the purposes of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994). Three principal concerns—federalism, fairness, and efficiency—underpin the Court's inquiry. *See Sherwin-Williams*, 343 F.3d at 390-92.

    **1. Pending State Court Action.**

The first *Trejo* factor "requires the court to examine comity and efficiency." *Id.* at 391. In *Brillhart*, the Supreme Court directed district courts to avoid "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation." 316 U.S. at 495. Consistent with this direction, the Supreme Court found that "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Id.*

In *Gifford-Hill*, Chief Judge Fitzwater correctly noted that *Brillhart* abstention is not restricted only to those instances where federal and state proceedings are exactly parallel—*i.e.*, where they involve the same parties and the same issues. *See* 2013 WL 1875930, at *3 (quoting *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990)). Instead, where "there is a pending related state proceeding but it is not 'parallel' . . . the federal district court properly considers the extent of similarity between the pending state court and federal court cases in deciding which court should decide the dispute . . . ." *Sherwin-Williams*, 343 F.3d at 394 n.5.

In the state court action, Western States sues non-diverse defendants not named as plaintiffs in AIX's declaratory judgment action. Thus, the federal and state proceedings are not exactly parallel. They are, however, sufficiently similar for this Court to conclude that the pendency of the state court action strongly weighs in favor of the dismissal of this action. The state court action names *all* of the parties named in AIX's federal action. The state court action also raises *all* of the issues before this Court.[2] All of the matters in controversy here will thus be litigated in the state court action, and that weighs in favor of dismissal. *See Beaufort Dedicated No. 5, Ltd. v. USA Daily Express, Inc.*, Nos. H-12-1923, H-12-2415, 2012 WL 6608869, at *9 (S.D. Tex. Dec. 18, 2012). Finally, the issues that AIX seeks this Court to resolve are not governed by federal law, and properly can be adjudicated by the state court. *See, e.g.*, *Sherwin-Williams*, 343 F.3d at 390-91 ("[I]f the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court

---

[2] In substance, AIX's First Amended Complaint appears to seek declaratory judgment of non-liability on all claims brought against it in state court by Western States.

should decide the case and the federal court should exercise its discretion to dismiss the federal suit.").

### 2. Anticipation of Litigation, Forum Shopping, and Possible Inequities.

*Trejo* factors two, three, and four require this Court to assess whether AIX improperly is using the declaratory judgment process to unfairly gain access to federal court. *See id.* at 391. As this Circuit has recognized, forum selection necessarily is required by the filing of a lawsuit, and declaratory judgment actions regularly are anticipatorily filed. *Id.* at 391-92. Thus, the *Trejo* fairness factors are not to be literally applied. *Id.*

AIX filed this lawsuit just days after the parties failed to resolve the instant dispute by submission to an appraisal umpire,[3] and after Western States had sent AIX letters on September 27 and October 10, 2012, threatening suit unless Western States received additional compensation from AIX. *See Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss Pl.'s Declaratory Action* at 7-8; *Def.'s Mot. to Dismiss Anticipatory Declaratory Action*, Exs. A-B. In the first of these two letters, Western States specified the causes of action it might, and ultimately did, bring against AIX. *Def.'s Mot. to Dismiss Anticipatory Declaratory Action*, Ex. A at 3-6. On these facts, the Court concludes that AIX filed this action in anticipation of Western States's state court action. *See Capco International, Inc. v. Hass Outdoors, Inc.*, No. 3:3-CV-2127-G, 2004 WL 792671, at *4 (N.D. Tex. April 9, 2004) (Fish, J.) (holding that a case was "more likely than not" brought in anticipation of litigation where the "tenor" of pre-suit correspondence between the parties "presented a strong indication" that litigation was the next step).

---

[3] The appraisal umpire issued his award on or about October 22, 2012. Am. Compl. ¶ 25. The award was signed by the appraisal umpire and AIX's appointed appraiser. *Id.* Within five business days of receiving the signed appraisal award, AIX tendered partial payment of the award to Western States. *Id.* at ¶¶ 26-27. Western States claims that AIX's partial payment "constitutes bad faith, *per se*, and typifies the pattern of bad faith insurance practices engaged in by the AIX Group . . . ." Petition ¶ 16.

However, "[m]erely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping.'" *Sherwin-Williams*, 343 F.3d at 391. Consequently, the Court also must decide whether AIX's anticipatory filing of this lawsuit constitutes improper "forum shopping." Despite the fact that the filing of the instant action does not change the law that would apply, the Court finds that AIX nevertheless engaged in "reactive" litigation and, therefore, unfair procedural fencing by filing this action when on strong notice that Western States was likely to file a non-removable state court action. *See Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1372-73 (9th Cir. 1991), *overruled on other grounds by Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998); *see also Chevron U.S.A., Inc. v. Cureington*, No. 10-0764, 2011 WL 1085661, at *8 (W.D. La. Feb. 18, 2011).

In *Robsac*, the Ninth Circuit held that a declaratory judgment suit can be "reactive" and therefore an improper attempt to preempt a state court proceeding, even if filed before the state court action, when "the insurer may anticipate that its insured intends to file a non-removable state court action, and rush[es] to file a federal action before the insured does so." *Id.* at 1372.

The Court finds that AIX did exactly this in filing its declaratory judgment action. Notwithstanding AIX's argument that it "could not have predicted with any certainty that Western would have filed suit in state court naming [non-diverse defendants]," *Resp.* at 11, the Court notes that the September 27 letter from Western States to AIX also indicated its stated intention to bring claims against Innovative Risk Management, Inc., one of the non-diverse defendants later sued in the state court action. The Court concludes that AIX, on notice of this fact, filed in federal court in anticipation that a non-removable state court action would be filed by Western States. Whether or not AIX had certain knowledge that that would occur, AIX was

fully aware of the very real possibility of such.[4] The Court thus finds AIX's anticipatory declaratory judgment action to constitute improper forum shopping, which weighs in favor of dismissal. *See, e.g.*, *Great Lakes Reinsurance (UK) PLC v. Spielvogel*, No. H-06-0982, 2006 WL 1663755, at *3 (S.D. Tex. June 13, 2006) ("Courts have also found 'impermissible forum manipulation' where a declaratory judgment plaintiff sues only a diverse defendant, and the underlying state action is not removable to federal court because it includes proper, nondiverse parties. Here, Defendant's state court action includes other, nondiverse defendants . . . These factors also weigh in favor of dismissal.") (internal citation omitted). Permitting AIX to litigate its declaratory judgment action would be inequitable to Western States. The pending state court action fully can resolve the issues before this Court, and allowing this case to concurrently proceed presents, at the very least, the risk of duplicative and inconsistent rulings. Thus, the Court finds that the *Trejo* fairness factors dictate dismissal.

### 3. Convenient Forum.

The fifth *Trejo* factor—whether the federal forum is a convenient forum—implicates efficiency considerations. *Sherwin-Williams*, 343 F.3d at 392. The state and federal forums appear to be equally convenient for the parties and witnesses to this action. Both courts are in the same city, and located within minutes of one another. The Court thus concludes that this factor is neutral. *See, e.g.*, *Beaufort Dedicated No. 5, Ltd*, 2012 WL 6608869, at *10.

---

[4] The Court notes that AIX removed the state court action to this Court on the basis that the non-diverse defendants, including Innovative Risk Management, Inc., were improperly joined. The Court found AIX's removal improper, and remanded the case to the state court. Having found the grounds for removal meritless, *see supra* at 2, the Court gives no weight to any argument by AIX that it did not engage in forum shopping in filing the declaratory judgment action, because AIX was then of the opinion that non-diverse defendants would be improperly joined in any state court action ultimately filed by Western States.

### 4. Judicial Economy.

Like the fifth *Trejo* factor, the sixth *Trejo* factor concerns efficiency and asks whether judicial economy would be served by retaining the federal lawsuit. *Sherwin-Williams*, 343 F.3d at 392. The controversy which AIX asks this Court to decide is pending before the state court. The federal proceeding does not concern issues of federal law, and these issues will be best adjudicated by the state court, where all parties are present and duplicative and piecemeal litigation can be avoided. "To have both this Court and the Texas state court proceed towards judgment runs the risk of inconsistent rulings and compels an unnecessary duplication of judicial resources." *Smith*, 2011 WL 2792387, at *7 (internal citation omitted); *see also Evanston Ins. Co. v. Tonmar, L.P.*, 669 F. Supp. 2d 725, 734 (N.D. Tex. 2009) (Fitzwater, C.J.) ("It is a waste of judicial resources to litigate a federal declaratory judgment action involving only issues of state law that are already being litigated in the [state court].").

Nor does the stage of this federal proceeding counsel against dismissing the action for reasons of judicial economy. The Court has not resolved the issues in dispute, and the only substantive motion this Court has yet to decide is the one now before it. Thus, the state court would not be duplicating in any significant or material respect—nor would the parties—the instant proceedings. The Court finds that this factor weighs in favor of dismissal.

### 5. State Judicial Decree.

The seventh *Trejo* factor concerns federalism and comity. *Sherwin-Williams*, 343 F.3d at 392. Here, the parties are not asking the Court to construe a state judicial decree. This factor, therefore, either is neutral or weighs against dismissal. *See, e.g.*, *Beaufort Dedicated No. 5 Ltd.*, 2012 WL 6608869, at *10 (concluding that the seventh *Trejo* factor is neutral where the Court was not called upon to construe a state judicial decree); *Smith*, 2011 WL 2792387, at *8 (same);

*Evanston*, 669 F. Supp. 2d at 734 (finding the seventh *Trejo* factor to weigh against dismissal where the court is not being asked to construe a state judicial decree).  Whether the Court holds this factor as neutral or as weighing against dismissal is of little consequence, however, because even if it weighed against dismissal, the Court still would dismiss this action, because principles of federalism and judicial economy soundly compel such a result.

### III.   CONCLUSION

Having considered the concerns of federalism, fairness, and efficiency, the Court concludes that it should abstain from deciding AIX's declaratory judgment action.  While the majority of the *Trejo* factors support dismissal of this action, factors one and six particularly compel such a result, and the Court would dismiss this action on the basis of those two factors alone.  The Court thus **GRANTS** Defendant's Motion to Dismiss Anticipatory Declaratory Judgment Action.

**SO ORDERED**.

Dated: August 29, 2013.

*[signature]*
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**